UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ARCH INSURANCE COMPANY,

    Plaintiff,

v.	CASE NO.:

CITRUS TRANSPORT, LLC; JOSE
ALANIS; and CHRISTY BECKENBAUGH,	DEMAND FOR JURY TRIAL

    Defendants.
_____/

## COMPLAINT

Plaintiff Arch Insurance Company, by way of this Complaint against Defendants Citrus Transport, LLC, Jose Alanis and Christy Beckenbaugh, states as follows:

## PARTIES

1. Plaintiff Arch Insurance Company ("Arch") is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 600, Jersey City, New Jersey 07311.

2. Defendant Citrus Transport LLC ("Citrus") is a Florida limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. Citrus' sole member is Jose Alanis, a private individual who is domiciled in Fort Pierce, Florida.

3. Jose Alanis ("Alanis") is an individual domiciled in the State of Florida with a principal place of residency at 708 Boston Avenue, Fort Pierce, Florida 34950.

4. Christy Beckenbaugh ("Beckenbaugh") is an individual domiciled in the State of Florida with a principal place of residency at 785 Oakleaf Plantation Parkway, Unit 223, Orange Park, Florida 32065.

## JURISDICTION AND VENUE

5. The amount in controversy between the parties exceeds $75,000.00 exclusive of interest and costs.

6. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

7. Venue lies in this District under 28 U.S.C. § 1391(b) because Citrus and Alanis reside in the District.

## FACTUAL ALLEGATIONS

8. On or about October 22, 2024, Arch issued Check No. 0000013269 (the "Check") in the amount of $87,230.00.

9. The Check was made payable solely to Arch's insured, non-party Dames Point Jacksonville LLC ("Dames Point"). A true and correct copy of the front and back of the negotiated Check is attached as Exhibit A.

10. Citrus, Alanis and Beckenbaugh (collectively, the "Defendants") had no contractual, business, or legal relationship with Arch or with Dames Point.

11. The Check was misdelivered and came into Defendants' possession without authorization.

12. Despite the Check clearly identifying a different payee, Defendants endorsed, deposited, and negotiated the check through Citrus' bank account.

13. At the time of endorsement and deposit, Defendants knew Citrus was not entitled to the funds.

14. Defendants retained the proceeds and have refused to return them after notice and demand.

15. After discovering that the Check had been improperly deposited, Arch contacted Citrus in an effort to recover the funds and communicated directly with Beckenbaugh regarding return of the misappropriated proceeds.

16. On November 26, 2024, Beckenbaugh represented that Citrus would be issuing a check "tomorrow with our check run" and requested confirmation of Arch's mailing address for that purpose.

17. Beckenbaugh's November 26, 2024 representation conveyed that Citrus would promptly return the full amount of $87,230.00.

18. Despite that representation, no repayment check was issued the following day or at any time thereafter.

19. On January 7, 2025, Beckenbaugh further represented that repayment Check No. 1060 had been mailed on December 20, 2024.

20. Arch never received Check No. 1060.

21. Arch searched for and investigated the alleged repayment but confirmed that no such payment was received.

22. At the time those statements were made, Defendants knew that repayment had not been issued or mailed as represented.

23. Those representations were made to delay recovery, avoid immediate repayment, and retain the misappropriated funds.

24. After Arch demanded return of the misappropriated funds, Arch communicated directly with Alanis regarding the wrongful negotiation of the check.

25. During that communication, Alanis stated that Beckenbaugh told him that Arch's efforts to recover the funds constituted a "scam," and that Arch was not legitimately entitled to the return of the misappropriated funds.

26. Beckenbaugh's statement to Alanis regarding Arch was false and defamatory.

27. At the time the statement was made, Defendants knew that Arch issued the Check, that the Check was payable to a different entity, and that Citrus had no entitlement to the proceeds.

28. The statement was communicated to Arch with the intent to discredit Arch's lawful demand, justify retention of the funds, and deter Arch from further recovery efforts.

29. Arch suffered harm as a result of the false statement, including interference with its recovery efforts and reputational injury.

30. On December 11, 2025, Arch served a written civil theft demand pursuant to Florida Statute § 772.11. A true and correct copy of the civil theft demand letter is attached as Exhibit B.

31. Defendants received the demand and failed to tender payment within thirty days.

32. Defendants continue to retain the proceeds of the Check.

## COUNT ONE
(Civil Theft - Fla. Stat. §§ 812.014 and 772.11)

33. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 32 as if fully set forth herein.

34. On or about October 22, 2024, Arch issued the Check in the amount of $87,230.00, payable solely to "Dames Point Jacksonville LLC."

35. The Check constituted specific, identifiable property belonging to Arch and its insured, Dames Point.

36. Defendants had no contractual, business, or legal relationship with Arch or with Dames Point, and no right or authority to possess, negotiate, or retain the check or its proceeds.

37. The Check was misdelivered and came into Defendants' possession without authorization.

38. Despite knowing they were not the named payee and lacked any entitlement to the funds, Defendants endorsed, deposited, and negotiated the check through Citrus' bank account.

39. By endorsing and negotiating the Check, Defendants knowingly exercised unauthorized dominion and control over Arch's property.

40. Defendants acted with the intent to permanently or temporarily deprive Arch of its property or to appropriate the property to their own use or the use of an unauthorized party.

41. Defendants' false representations that repayment would be issued and later that repayment had already been mailed further demonstrate Defendants' intent to permanently or temporarily deprive Arch of its property and to appropriate the funds to their own use.

42. After negotiating the Check, Defendants retained the proceeds and have refused to return them despite repeated notice and demand.

43. Defendants' conduct was intentional, knowing, and part of a concerted course of action.

44. Arch served Defendants with a written civil theft demand in compliance with Florida Statute §772.11, as reflected in Exhibit B.

45. Defendants received the demand and failed to tender payment within the statutory thirty-day cure period.

46. As a direct and proximate result of Defendants' theft, Arch suffered actual damages in the amount of $87,230.00.

47. Defendants' conduct entitles Arch to treble damages in the amount of $261,690.00, attorney's fees, costs, and prejudgment interest from November 11, 2024, the date of Defendants' wrongful negotiation and retention of the check proceeds, pursuant to Florida Statute § 772.11.

## COUNT TWO
(Fraud)

48. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 47 as if fully set forth herein.

49. On or about October 22, 2024, Defendants endorsed and deposited the Check, issued by Arch in the amount of $87,230.00 and made payable solely to "Dames Point Jacksonville LLC."

50. By endorsing and depositing the Check into Citrus' bank account, Defendants falsely represented that Citrus was authorized to negotiate the check and entitled to retain its proceeds.

51. At the time the Check was endorsed and deposited, Defendants knew Citrus had no contractual, business, or legal relationship with Arch or with Dames Point and no entitlement to the funds.

52. Defendants made the false representation knowingly and with the intent to convert the proceeds before Arch could recover them or prevent payment.

53. In addition, on November 26, 2024, Beckenbaugh represented that Citrus would issue a repayment check the following day as part of its check run.

54. On January 7, 2025, Beckenbaugh represented that repayment Check No. 1060 had been mailed on December 20, 2024.

55. Those statements were material representations of present intent and existing fact.

56. At the time those statements were made, Defendants knew that repayment had not been issued or mailed as represented.

57. Defendants made those statements to delay recovery and retain the misappropriated funds.

58. Arch reasonably relied on those representations by refraining from immediately initiating litigation and by allowing Defendants additional time to perform.

59. Defendants further intended that Arch rely on the misappropriation by issuing a replacement payment to its insured and by delaying recovery efforts.

60. Arch reasonably relied on Defendants' fraudulent conduct by issuing replacement payment and refraining from immediately reclaiming the misappropriated funds, thereby incurring additional financial harm.

61. Defendants acted intentionally, willfully, and with conscious disregard for Arch's rights.

62. As a direct and proximate result of Defendants' fraud, Arch suffered damages in the amount of $87,230.00.

## COUNT THREE
(Conversion)

63. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 62 as if fully set forth herein.

64. Arch had an immediate right to possession of the Check and its proceeds.

65. Defendants wrongfully exercised dominion and control over the Check and its proceeds by endorsing, depositing, and retaining the funds without authorization.

66. Defendants' control over the Check and its proceeds was inconsistent with Arch's ownership rights.

67. Arch demanded return of the Check and its proceeds, and Defendants have refused.

68. Defendants' subsequent false representations that repayment had been issued and mailed further confirm their wrongful dominion and continued retention of Arch's property.

69. Defendants' conduct was intentional and without lawful justification.

70. As a direct and proximate result of Defendants' conversion, Arch suffered damages in the amount of $87,230.00.

**COUNT FOUR**
(Defamation)
(as to Beckenbaugh only)

71. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 70 as if fully set forth herein.

72. Beckenbaugh made a false and defamatory statement of fact concerning Arch.

73. Specifically, Beckenbaugh stated to Alanis that Arch's efforts to recover the Check and its misappropriated proceeds constituted a "scam," and that Arch was not legitimately entitled to the funds.

74. At the time Beckenbaugh made the statement, she knew it was false or acted with reckless disregard for its truth.

75. Beckenbaugh's statement was communicated to Alanis and was intended to, and did, impugn Arch's honesty and integrity in the conduct of its business.

76. Arch suffered damages as a result of the defamatory statement, including harm to its reputation and interference with its lawful recovery efforts.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Arch demands trial by jury in this action of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Arch Insurance Group respectfully requests that this Court enter judgment in its favor and against Defendants Citrus Transport, LLC, Jose Alanis and Christy Beckenbaugh, jointly and severally, and grant the following relief:

a.  An award of actual damages in the amount of $87,230.00;

b.  An award of $261,690.00 in treble damages pursuant to Florida Statute § 772.11;

c.  An award of attorney's fees and costs pursuant to Florida Statute § 772.11;

d.  An award of prejudgment interest from November 11, 2024, the date of Defendants' wrongful negotiation and retention of the check proceeds;

e.  An award of post-judgment interest;

f.  Entry of judgment holding Defendants jointly and severally liable for all damages awarded; and

g.  Such other and further relief as the Court deems just and proper.

Dated: March 5, 2025

Respectfully submitted,

/s/ Joel McNabney
Joel McNabney, Esq.
Florida Bar. No. 106507
jmcnabney@dacbeachcroft.com
DAC BEACHCROFT LLP
800 Brickell Avenue, Suite 432
Miami, Florida 33131
(786) 358-2622

*Attorneys for Plaintiff*